Luis Martínez, Plaintiff and Appellant, *v.* Sofía Avilés Vega, Defendant and Appellee.

No. 8072. Argued June 19, 1940.—Decided June 28, 1940.

*Negrón López & Negrón López* and *Luisa María Capó* for appellant. The appellee did not appear.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Luis Martínez brought, in the District Court of Mayagüez, an action for divorce against his wife Sofía Avilés Vega. Abandonment of the husband by the wife was alleged as the ground therefor. As the wife resided in the United States and she could not, therefore, be personally served with summons, service was made by publication and a copy of the complaint was sent to her address in the State of New York. After the statutory period for answering had expired without the defendant filing her answer, the clerk of the court, at the instance of the plaintiff, entered her default.

The trial was held, and after the court heard the evidence for the plaintiff, it rendered judgment for the defendant and imposed costs on the plaintiff. Thereupon the latter appealed, and he now urges that the trial court erred:

1. In considering, when rendering judgment, a letter and an affidavit addressed by the defendant-appellee to the Hon. Judge of the said court.

2. In holding as proven the facts alleged in said letter and affidavit.

3. In disregarding and failing to accord any credit to the uncontroverted testimony of the plaintiff-appellant and his three witnesses.

4. In dismissing the complaint on the merits.

5. In adjudging the plaintiff-appellant to pay the costs.

The letter referred to in the first two assignments reads as follows:

"294 Smith Street, Brooklyn, N. Y., December 5, 1938.

"Hon. Judge of the District Court for the Judicial District of Mayagüez, Puerto Rico. Re: Divorce Complaint No. 1481.

"Hon. Sir:

"I have taken the liberty of addressing these communications to your Honorable Offices in the hope that when you read their con-

tents you will understand the reason why I have been compelled to address myself to you.

"On November 29, 1938, through a registered letter from Attorneys Negrón López & Negrón López of Sabana Grande, Puerto Rico, I learned of a complaint for divorce filed under false charges by my husband, Mr. Luis Martínez, from whom I had not heard directly for about two years as I must state that three months after I became pregnant with the child who is now two years old, my husband left our home here without giving any reasons or explanation until today when I received notice of the divorce suit brought by him.

"As I am in poor financial circumstances which prevent my going to Puerto Rico personally to state the truth about the case, I enclose herewith an affidavit executed by me in order that you may be pleased to stop said complaint on account of the false statements made by my husband, Mr. Luis Martínez.

"Thanking you most sincerely for any courtesies which you may extend to me in this matter and awaiting your esteemed answer regarding the same, I beg to remain,

"Very truly yours,

"(Signed)  Sofía Avilés Vega."

The judge of the court *a quo* in referring to that letter in his opinion says:

"The defendant was summoned by publication and in a letter addressed to the Judge of this Court of December 5, 1938, she stated that as she was in poor financial circumstances which prevented her from coming to Puerto Rico to state the truth about the case, she asserted that all the allegations of the complaint were false, and she attached to said letter an affidavit taken in the City of New York before Notary Chris García, in which affidavit she states that in the month of March 1935, the defendant went to live with her children to Brooklyn, N. Y., with the consent of the plaintiff; that she has resided there ever since; that while living with her above-mentioned husband the affiant-defendant became pregnant and three months thereafter her husband Luis Martínez without any lawful cause or ground, left the home of the defendant and has never returned since to the home of both of them and of their children; that in February 1937, the last of the children of the spouses, named Valentín, was born and that, notwithstanding the steps taken by the defendant in order to communicate with the plaintiff since the

date in which he abandoned her, he has refused to live with her and to support the children born out of their marriage; that there has never been any desertion on the part of the defendant and that everything which has been alleged by the plaintiff in his complaint is untrue and false, and the defendant does not personally appear to defend in the suit because the poor financial circumstances in which she is prevent her from meeting the expenses of a trip to Puerto Rico, and she requests that all action regarding this suit be withheld until she is able to come to Puerto Rico in order to personally state the truth for the information of the court.

"                *          *          *          *          *          *

"From the evidence introduced, that is, the testimony of the plaintiff and of his witnesses, to which the court can not accord any credence, and taking into consideration the affidavit made by the defendant, the court has reached the conclusion beyond a reasonable doubt that the plaintiff was living in good marital relations with the defendant until the month of February 1937, when, leaving the defendant, his wife, three months after she became pregnant he abandoned her in the city of New York, and came to Puerto Rico to procure a divorce decree against his wife and thereafter to return to New York, as appears from a motion filed in the record in order to make a deposition in this judicial district for the purpose of returning to New York immediately, prior to the divorce. The court has arrived at this conclusion, not only because of the false evidence introduced by the plaintiff, but also because of the logical inference that if the defendant had abandoned the plaintiff, as the latter alleges in his complaint, what interest could she have now, after about two years have elapsed, to submit to the court an affidavit controverting the facts alleged in the complaint and emphatically opposing a judgment sustaining the same?"

The trial court manifestly erred in considering the letter addressed by the defendant to the judge and in holding as proven the facts therein set forth. It is one of the most elementary principles of the procedural law in force that, in deciding a case, a judge or court can not consider documents which form no part of the pleadings or which have not been admitted in evidence. But such an error is not ground for a reversal of the judgment, when the latter is justified by reason of the insufficiency of the evidence to establish any one of the essential elements of the action brought.

■ The evidence adduced by the plaintiff in support of his allegations that his wife had refused to live with him and to come from New York to Puerto Rico, and that, notwithstanding the steps taken by him and by other persons on his behalf, she had refused to return to the conjugal home, was not believed by the trial court. We have carefully examined the evidence as to the refusal (*nolición*) of the defendant wife and we think that, even though the lower court had accorded any credit to it, it would still be insufficient to produce in the mind of the judge the conviction that it was the firm intention of the defendant not to return to the conjugal home and to definitely sever the matrimonial ties. See *Arce* v. *Lebis,* 50 P.R.R. 857, and *Parés* v. *Echandi,* 55 P.R.R. 156.

For the reasons stated the judgment appealed from must be affirmed.